IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRISTOPHER MCPHEE, et al., | Case No.  25-cv-07947-CRB |
| Plaintiffs, |  |
| v. | **ORDER APPOINTING INTERIM LEAD CLASS COUNSEL** |
| PROSPER FUNDING, LLC, et al., |  |
| Defendants. |  |

On December 5, 2025, this Court consolidated twenty related cases and ordered applications for appointment of interim lead counsel to be filed within ten days. Order (dkt. 30) at 8.  Twelve plaintiffs move for appointment of interim lead class counsel in this data breach case.  Mots. (dkts. 39, 43, 44, 48, 49, 51, 52, 55–58, 63).  The Court held a hearing on the matter on February 13, 2026.  Minute Entry (dkt. 81).  Based on the applicants' oral and written arguments, and the factors of Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court APPOINTS Gibbs Mura LLP ("Gibbs") and Hausfeld LLP ("Hausfeld") as interim co-lead counsel.

Rule 23(g)(3) of the Federal Rules of Civil Procedure authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action."  The Court must consider four factors in appointing interim counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); see also In re Lenovo Adware Litig., No. 15-md-2624, 2015

WL 10890657, at *1 n.1 (N.D. Cal. July 27, 2015) (applying the Rule 23(g)(1)(A) factors to appointments of interim counsel). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); see also In re Lenovo Adware Litig., 2015 WL 10890657, at *1–2 (considering candidates' location, ability to work cooperatively with others, and ability to maintain reasonable fees and expenses).

These factors all support appointment of Gibbs and Hausfeld. First, Gibbs and Hausfeld have investigated the facts, interviewed class representatives, explored retaining experts in the relevant fields, and identified potential causes of action. Gibbs-Hausfeld Mot. (dkt. 58) at 3. Second, each firm has extensive experience leading data breach class actions. See id. at 4–7; id. Exs. A–B. Third, each firm seeks to appoint an attorney with specialized experience in data breach class actions, demonstrating each firm's knowledge of the law. Id. at 4–7. Fourth, both firms have significant resources available to commit to this case, and each has a large, specialized data breach practice group. Id. at 8.

Other considerations also weigh in favor of appointing Gibbs and Hausfeld. Gibbs is a local firm and proposes a local attorney. Id. at 10. Additionally, appointment of two firms is appropriate as, at the February 13 hearing, counsel seeking appointment estimated that the class size could be as large as 17.6 million individuals. See id. at 9.

For the foregoing reasons, the Court appoints Gibbs and Hausfeld as interim co-lead counsel. The Court further appoints David Berger and James Pizzirusso as the designated lead attorneys from each firm.

**IT IS SO ORDERED.**

Dated: February 13, 2026

CHARLES R. BREYER
United States District Judge

2